1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL JOSEPH SPRAITZ,

11          Plaintiff,                    No. CIV S 06-1510 GEB CMK P

12       vs.

13   CALIFORNIA INSTITUTION FOR MEN, et al.,

14          Defendants.              FINDINGS & RECOMMENDATIONS

15   _____/

16          Plaintiff, who is a state prisoner proceeding pro se and in forma pauperis, brings

17   this action pursuant to 42 U.S.C. § 1983.  This matter was referred to the undersigned pursuant to

18   28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302(b)(21).  By order filed July 31, 2006, the court

19   ordered plaintiff to file a complaint to commence this action[1] and ordered plaintiff to either

20   submit the appropriate affidavit in support of a request to proceed in forma pauperis or the

21   appropriate filing fee.  Plaintiff was warned that failure to comply with the court's order would

22   result in a recommendation to dismiss this action.  To date, plaintiff has not complied with the

23   court's order or communicated with the court in any other way.

24   ///

25   _____

26          [1]In the docket, a letter regarding prison conditions is titled "complaint."  (Doc. 1.)

1

1          The court must weigh five factors before imposing the harsh sanction of dismissal.

2  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal

3  Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in

4  expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of

5  prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits;

6  and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52,

7  53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate

8  sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone,

9  833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where

10  there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.

11  1986).  Dismissal has also been held to be an appropriate sanction for failure to follow local rules.

12  See Ghazali, 46 F.3d at 53.

13          Having considered these factors, and in light of plaintiff's failure to file a

14  complaint that complies with Rule 3 of the Federal Rules of Civil Procedure or to file either an

15  affidavit in support of a request to proceed in forma pauperis or the correct filing fee, IT IS

16  RECOMMENDED that plaintiff's complaint be dismissed without prejudice.  See Local Rule 11-

17  110; Fed. R. Civ. P. 41(b).

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

1        These findings and recommendations are submitted to the United States District

2   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

3   twenty days after being served with these findings and recommendations, plaintiff may file

4   written objections with the court.  The document should be captioned "Objections to Magistrate

5   Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within

6   the specified time may waive the right to appeal the District Court's order.  See  Martinez v. Ylst,

7   951 F.2d 1153 (9th Cir. 1991).

8

9   DATED:   September 25, 2006.

10

11                                          _____

12                                          CRAIG M. KELLISON
                                            UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

3